UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARNELL PERRY,

     Plaintiff,

         v.                              CAUSE NO. 3:20-CV-330-JD-MGG

INDIANA DEPARTMENT OF
CORRECTION, et al.,

     Defendants.

OPINION AND ORDER

Darnell Perry, a prisoner without a lawyer, filed a complaint under 42 U.S.C. §
1983 against the Indiana Department of Correction and Charles F. Miller, a Parole Board
Member. ECF 1. "A document filed pro se is to be liberally construed, and a pro se
complaint, however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,
the court must review the merits of a prisoner complaint and dismiss it if the action is
frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
monetary relief against a defendant who is immune from such relief. The court applies
the same standard as when deciding a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive
dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur
v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted).

Perry alleges that the Defendants improperly found him guilty of violating his parole. He claims that after his parole was revoked, he entered into a pre-trial diversion agreement which eventually led to the dismissal of the new charges that had been filed against him. He states that the Parole Board held his revocation hearing months before the new charges had resolved in a final court disposition, which violated the Indiana Code. Perry acknowledges that he has also filed a writ of habeas corpus, which he wishes to "link" to this case, in cause number 3:20-CV-224-RLM-MGG. Perry has sued the Indiana Department of Correction and Defendant Miller for monetary damages.

To the extent any such claim exists in the complaint, it would be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (observing that *Heck* applies to a civil rights suit premised on the "invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). While Perry contends that he entered into a pre-trial diversion agreement that led to the dismissal of the new charges, he does not

2

allege, nor can it be plausibly inferred, that the parole revocation itself has been vacated on appeal, set aside, or otherwise called into question. Indeed, Perry's habeas corpus petition in cause number 3:20-CV-224-RLM-MGG, which is still pending before the Honorable Robert L. Miller, makes it clear that as of March 12, 2020, when he filed the petition, he had not challenged the parole revocation to the Court of Appeals of Indiana, the Indiana Supreme court, or the United States Supreme Court, or via a post-conviction relief petition or other collateral relief in state court. *See Perry v. Warden*, 3:20-CV-224-RLM-MGG, ECF 2 at 1.[1] Moreover, documents attached to that petition indicate that Perry pled guilty to violating his parole based on two conditions, which were separate and distinct from the new charges Perry describes here. *Perry v. Warden*, 3:20-CV-224-RLM-MGG, ECF 2-1 at 10, 12–13.[2] Unless and until the parole revocation determination itself is challenged and subsequently invalidated in some way, Perry cannot proceed here. *See Antonelli*, 104 F.3d at 901.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile.

---

[1] Perry did check the box indicating that he filed a collateral attack in cause number 46D04-1801-F6-000057 by filing the "Pre-trial Diversion Agreement," but that agreement relates to the new criminal charges (i.e. the failure to register as a violent offender) rather than the parole revocation. *See State of Indiana v. Darnell L. Perry*, cause no. 46D04-1801-F6-000057, filed Jan. 16, 2018, available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjA4TTYwZVJpZ19SMmpXWXItcFhvNWtSU0Z2aHNUdl9zNDlvMkRkMUl4WEUxIn19 (last visited Apr. 27, 2020).

[2] Perry pled guilty to violating Rule 2 (remaining gainfully employed) and Rule 10 (failure to report as instructed). *See Perry v. Warden*, 3:20-CV-224-RLM-MGG, ECF 2-1 at 10, 12–13. The documents also note that Perry waived his right to a preliminary hearing on a violation of Rule 7 (failure to register as a violent offender, which led to the new charges in cause number 46D04-1801-F6-000057) and acknowledges the existence of the pre-trial diversion agreement. *Id.*

*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad

discretion to deny leave to amend where . . . the amendment would be futile."). Such is

the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on April 28, 2020

_____/s/JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT