UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARNELL PERRY,

    Plaintiff,

        v.                              CAUSE NO. 3:20-CV-330-JD-MGG

INDIANA DEPARTMENT OF
CORRECTION, et al.,

    Defendants.

OPINION AND ORDER

Darnell Perry, a prisoner without a lawyer, filed a "Motion to Reopen and Respond." ECF 7. Because it was filed within 28 days of dismissal, it is construed as a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Here, Perry has presented no newly discovered evidence nor demonstrated a manifest error of fact or law. His complaint, which alleges that the Indiana Department of Correction and a parole board member named Charles F. Miller improperly found him guilty of violating his parole, was dismissed as *Heck* barred. *See* ECF 3 at 2 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.

1997)). In that order, the court noted that although Perry wished to "link" his habeas corpus petition filed in cause number 3:20-CV-224-RLM-MGG to this civil rights action, he did not allege, nor could it be plausibly inferred, that the parole revocation itself had been vacated on appeal, set aside, or otherwise called into question.[1] The petition was still pending at the time the court dismissed this civil rights action, but it has since been dismissed for non-payment of the filing fee. *See Perry v. Warden*, 3:20-CV-224-RLM-MGG, ECF 9. He now argues that he should be allowed to proceed because when prisoners "fail[] to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted." ECF 7 at 2. Perry is mistaken. The fact remains that, unless and until the parole revocation determination itself is challenged and subsequently invalidated in some way, he cannot proceed here. *See Antonelli*, 104 F.3d at 901.

For these reasons, the motion to reopen (ECF 7) is DENIED. This case REMAINS CLOSED.

SO ORDERED on February 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] That petition itself makes it clear that as of March 12, 2020, when it was filed, he had not challenged the parole revocation to the Court of Appeals of Indiana, the Indiana Supreme court, or the United States Supreme Court, or via a post-conviction relief petition or other collateral relief in state court. *See Perry v. Warden*, 3:20-CV-224-RLM-MGG, ECF 2 at 1.